1    Robert R. Pohls (California Bar #131021)
2    Jason G. Gong (California Bar #181298)
     **POHLS & ASSOCIATES**
3    12657 Alcosta Boulevard, Suite 150
     San Ramon, California 94583
4    Telephone: (925) 973-0300
     Facsimile: (925) 973-0330

5    Attorneys for Defendants
6    Reliance Standard Life Insurance Company
     and Matrix Absence Management, Inc.

7

8                 **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10    RAYMOND ESQUIVEL,           Case No. CV-06-05205-SC

11           Plaintiff,        **STIPULATION AND ORDER RE LEAVE TO**
12          vs.                  **FILE FIRST AMENDED COMPLAINT**

13    RELIANCE STANDARD LIFE INSURANCE
     COMPANY; MATRIX ABSENCE
14    MANAGEMENT, INC.; and DOES 1 to 25,

15           Defendants.

16

17        Plaintiff Raymond Esquivel and Defendants Reliance Standard Life Insurance Company

18    ("Reliance Standard") and Matrix Absence Management, Inc. ("Matrix"), by and through their

19    respective attorneys of record, agree and hereby stipulate as follows:

20

21        1.      Plaintiff's state law claims are completely preempted by the Employee

22    Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1001, *et seq.*;

23        2.      Because plaintiff's claims are completely preempted by ERISA, plaintiff's sole

24    remedy is to seek relief under ERISA's civil enforcement provision, 29 U.S.C. Section 1132(a),

25    et seq.;

26        3.      Plaintiff may file a First Amended Complaint in substantially the same form as

27    that attached hereto as Exhibit A;

28    ///

     **STIPULATION AND ORDER RE LEAVE**                     **Page 1**
     **TO FILE FIRST AMENDED COMPLAINT**
     **Case No. CV-06-05205-SC**

4.  This stipulation does not alter or waive any of defendants' rights with respect to plaintiff's First Amended Complaint.

DATED: 10-26 , 2006

MATTHEW NEWMAN & ASSOCIATES

By: _____
Matthew T. Newman,
Attorney for Plaintiff Ramon Esquivel

DATED: 10/26 , 2006

POHLS & ASSOCIATES

By: _____
Robert R. Pohls
Jason G. Gong
Attorneys for Defendants
Reliance Standard Life Insurance
Company and Matrix Absence
Management, Inc.

IT IS SO ORDERED.

DATED: _October 30_ , 2006

IT IS SO ORDERED
Judge Samuel Conti
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

STIPULATION AND ORDER RE LEAVE
TO FILE FIRST AMENDED COMPLAINT
Case No. CV-06-05205-SC

Page 2

**Exhibit A**

1  MATTHEW T. NEWMAN #160417
2  LAW OFFICES OF MATTHEW T. NEWMAN & ASSOCIATES
   1735 NORTH FIRST STREET, SUITE #301A
3  SAN JOSE, CALIFORNIA 95112
   (408) 453-3500
4

5  Attorneys for Plaintiffs
6  RAYMOND ESQUIVEL

7              UNITED STATES DISTRICT COURT
8              NORTHERN DISTRICT OF CALIFORNIA

9

10  RAYMOND ESQUIVEL ,                    CASE NO. C06-05205 SC
11  an individual,

12          Plaintiffs,                   FIRST AMENDED
                                          COMPLAINT—
13                                        CIVIL ACTION:
               --Vs.--                    FOR RECOVERY OF
14                                        DISABILITY BENEFITS
                                          ENTITLEMENT UNDER TERMS
15  RELIANCE  STANDARD  LIFE  INSURANCE   OF INSURANCE POLICY
16  COMPANY; MATRIX ABSENCE
    MANAGEMENT, INC.; AND DOES 1 TO 25,
17
18          Defendants.
19

20

21

22  The Plaintiff, RAMON ESQIUVEL, hereby alleges:

23              **JURISDICTION AND PARTIES**

24
    1.  Plaintiff, RAMON ESQIUVEL, [ hereinafter "ESQUIVEL"], is an individual, a
25
        natural person, citizen and resident of the State of California, residing herein San
26
        Jose, County of Santa Clara.
27
    2.  Defendant, RELIANCE STANDARD LIFE INSURANCE COMPANY
28

1    [hereinafter "RELIANCE"]; is a  corporation, a business entity, with local
2    offices in Walnut Creek, California, and with the corporate parent,
3    REALIANCE STANDARD LIFE INSURANCE COMPANY OF TEXAS, duly
4    organized and existing under the laws of the state of Texas.

3.   Defendant, MATRIX ABSENCE MANAGEMENT, INC. [hereinafter
     "MATRIX"]; is a corporation, a business entity, with local offices in San Jose,
     California, and with the corporate parent, DELPHI FINANCIAL GROUP, INC.,
     duly organized and existing under the laws of the state of Delaware; also the
     parent company of, REALIANCE STANDARD LIFE INSURANCE
     COMPANY OF TEXAS.

4.   At all times material to the allegations made in this complaint, defendant
     RELIANCE, was duly registered and authorized to do insurance business in the
     State of California and regularly conducted substantial insurance business in the
     state.

5.   At all times material to the allegations made in this complaint, defendant
     MATRIX, was duly registered and authorized to do insurance business in the
     State of California and regularly conducted substantial insurance business in the
     state.

## AVERMENTS

6.   On or about September 19, 2001, and at all relevant times thereafter, plaintiff--
     ESQUIVEL--was an employee of ORACLE CORPORATION and as such he
     was insured under Group Long Term Disability Insurance Policy number LSC
     102439 [hereinafter "the Policy"];, a true and correct copy of which is attached
     hereto as Exhibit "A".

7.   The Policy was issued by defendant RELIANCE and under its term, defendant
     MATRIX was to act as the administrator of the Policy

8.  On or about December 29, 2001, the plaintiff alleges to have suffered injuries while he was a passenger in the front seat of a motor vehicle involved in a serious accident.

9.  As a result of the injuries sustained in the automobile accident, plaintiff suffered long-term disability of a level which has rendered him unable to perform his occupation and sought benefits plaintiff is entitled to, and is eligible for under the terms of the aforementioned insurance plan .

10.  Plaintiff suffered such disability as defined under the policy ongoing and permanent, continued after the first 90 days--the elimination period--has been totally and continuously not working from the date of the accident—December 29, 2001--through the present time.

11.  In particular, as s a result thereof, it is averred that plaintiff after the many months of disability has been unable to perform any occupation for which he is reasonably fitted by education, training or experience and thus meets the definition under the policy of total disability defined as inability to perform as a result of injury or sickness during the Elimination Period [90 days] and [in addition] for the first 24 months for which a Monthly Benefit is payable, plaintiff cannot perform the "material" duties of his regular occupation.

12.  The aforementioned disability policy provides for monthly benefits in the event of disability as follows:

OPTION 1: 50% of Covered Monthly Earnings, payable in accordance with the section entitled Benefit Amount. (Maximum Monthly Benefit of $12,000.00, of Maximum Monthly Earnings of $24,000.00)

OPTION 2: 66 2/3% of Covered Monthly Earnings, payable in accordance with the section entitled Benefit Amount. (Maximum Monthly Benefit of $15,500.00, of Maximum Monthly Earnings of $27,748.00)

13. Defendants—REALIANCE and/or MATRIX--have paid no disability benefits to the plaintiff of any kind for during the entire period of disability of the plaintiff since inception.

## GROUNDS FOR RELIEF

14. This action arises under the Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1001 (ERISA) and more particularly § 502(a)(1)(B)1988 (29 U.S.C. § 1132(a)(1)(B)). ERISA provisions control adjudication of this case and claimant's causes of action.

15. Plaintiff has exhausted the "Administrative Review Process". A denial of benefits letter was issued by defendant MATRIX on March 18, 2006, and request for appeal was also denied in a subsequent letter of denial issued and date May 9, 2005, by defendant REALIANCE.

16. The United States Court and Northern District of California in particular has jurisdiction of the matter under 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1131.

17. The Policy under which plaintiff seeks benefits is a group total disability insurance policy issued under an "employee benefit plan".

18. Where an "employee benefit plan" is governed pursuant to ERISA, 29 U.S.C. § 1002(3), a provision of the Employee Retirement Income Security Act (ERISA). The employee benefit and benefit plan in question are covered by ERISA, defendant MATRIX is the plan administrator, defendant RELIANCE is the underwriter, and plaintiff ESQUIVEL is a participant or beneficiary under the ERISA plan, and as such entitled to relief by this Court.

## PRAYERS

WHEREFORE, plaintiff respectfully prays for judgment against defendants RELIANCE STANDARD LIFE INSURANCE COMPANY; MATRIX ABSENCE

- 4 -
FIRST AMENDED COMPLAINT—CIVIL ACTION;
FOR RECOVERY OF DISABILITY BENEFITS ENTITLEMENT UNDER TERMS OF INSURANCE POLICY

MANAGEMENT, INC., jointly and severally, as hereinafter set forth:

    1    Plaintiff have judgment for the benefits payable of the monthly sum as set forth in the insurance policy, retroactive to the date of eligibility;

    2    Costs of this suit; and

    3    For attorney's fees and costs at discretion of the Court;

    4    For pre-judgment interest;

    5    Such other and further relief as the court deems just and proper.


Dated: _____, 2006          MATTHEW NEWMAN & ASSOCIATES


                        By:    _____

                                   Matthew T. Newman,
                                   Attorney for the Plaintiff,
                                   RAMON ESQIUVEL

FIRST AMENDED COMPLAINT—CIVIL ACTION:
FOR RECOVERY OF DISABILITY BENEFITS ENTITLEMENT UNDER TERMS OF INSURANCE POLICY